UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCHOELLE ARCA SYSTEMS, INC.,

    Plaintiff,

v.

PALM PLASTICS, LTD.,

    Defendant.
                                      /

Case No. 11-12802

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ACTION WITHOUT PREJUDICE [11] AND CANCELLING THE HEARING SCHEDULED FOR OCTOBER 12, 2011**

This matter comes before the Court on Plaintiff's motion to voluntarily dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedures.[1] Plaintiff seeks to voluntarily dismiss this action because it recently discovered that it must add a party defendant, Revstone Industries, LLC ("Revstone"), and is unable to allege the citizenship of each member of that LLC and thus cannot establish federal diversity jurisdiction. Plaintiff asserts that Revstone purchased Defendant Palm Plastics, Ltd., that Defendant Palm Plastics is no longer an operating business, and that Palm Plastics' attorneys could but have not divulged the citizenship of each member of Revstone thus necessitating Plaintiff's motion for voluntary dismissal without prejudice. Defendant Palm Plastics opposes

---

[1]The Court notes that Plaintiff could have simply filed a Notice of Voluntary Withdrawal under Rule 41(a)(1) because, at the time it filed its motion, Defendant had not yet answered or filed a motion for summary judgment. *See Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993) (finding that "a Rule 41(a)(1) notice is self-effectuating" and observing that the rule's language "unambiguously requires a defendant, in order to make plaintiff put his money where his mouth is, to *serve* plaintiff with a summary judgment motion or answer.").

Plaintiff's motion, arguing that it would be more efficient for this Court to simply decide its pending motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant further argues that, if this Court grants Plaintiff's motion, the Court should condition its grant on Plaintiff's payment to Defendant of its attorney fees and costs incurred in this matter. Defendant filed its motion to dismiss on July 20, 2011, and Plaintiff filed its motion for voluntary dismissal on August 10, 2011.

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that this motion will be resolved as submitted, and the hearing previously scheduled for October 12, 2011 is hereby CANCELLED.

Plaintiff's motion for voluntary dismissal is GRANTED, and this matter is dismissed without prejudice and without costs as permitted under Rule 41(a)(2). Defendant has not convinced the Court that it "would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (internal quotation marks and citation omitted). The courts typically consider the following when determining whether prejudice would result from a voluntary dismissal: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (internal quotation marks and citations omitted). Here, this litigation is in its earliest stage. Plaintiff filed its motion to voluntarily dismiss less than a month after Defendant filed

its Rule 12(b)(6) motion to dismiss. There has been no excessive delay. Plaintiff has also explained why it needs a voluntary dismissal. Each of these factors weighs in favor of granting Plaintiff's motion to voluntarily dismiss without prejudice.

The Court also declines Defendant's invitation to condition the dismissal upon Plaintiff's payment to Defendant of all costs and attorney fees it has incurred thus far in this action. As the *Bridgeport Music* court observed, the Sixth Circuit "has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)." *Id.* at 954. For the reasons discussed above, Defendant suffers no legal prejudice as a result of a dismissal without prejudice; and, although it argues it will incur additional costs researching issues unique to state court, the same is not true as to the legal arguments it has already addressed in its motion to dismiss.

Accordingly, Plaintiff's motion for a voluntary dismissal is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE and WITHOUT COSTS.


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: September 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager